# CASES

# SUPREME JUDICIAL COURT,

## EASTERN DISTRICT,

### 1854.

## COUNTY OF PENOBSCOT.

### JEWETT *versus* RINES & *als.*

In a suit on a poor debtor's bond, the disclosure by him made, signed and sworn to, is admissible in evidence. But the debtor's statements, though made at the time of such disclosure, cannot be received.

It is no valid objection to *such use* of the disclosure, that the answers therein were written by the creditor's attorney.

The adjudication of the justices, as to the property thus disclosed, is not conclusive, but is subject to revision in a suit upon the bond.

Of the acts and omissions of the justices by which a bond may be forfeited.

Where the debtor disclosed money which he afterwards paid to the parties, but not for the creditor's use, no demand is necessary to recover the amount in a suit upon the bond.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

DEBT on a poor debtor's relief bond.

In defence, the record of two justices of the peace and quorum, certifying that the principal debtor had made a disclosure and been admitted to the oath prescribed by law, was read in evidence.

The plaintiff then offered and read (though objected to,) the debtor's disclosure, by which it appeared that he had in his hands and possession, at the time of making it, $6 in money, two notes amounting to $26, and some personal chattels.

On an alias execution issued a few days after this disclosure, the notes and personal property were demanded, and such property, (excepting the notes,) was turned out to the sheriff, and sold and appropriated in part payment of the execution.

By the justices' record it appeared, that the debtor did not offer to assign the notes disclosed in writing, but did offer and tender them to the creditor's attorney, and the justices certified that the notes were outlawed and considered by them worthless.

The hearing before the justices was continued to a second day, and the copies showed, that the $6, disclosed as in the debtor's possession, were paid to the justices; and that they did not appraise any bank bills, notes, accounts, bonds or other contracts belonging to the debtor and disclosed by him; but they certified, that the creditor should have a lien for thirty days on the notes and other personal estate disclosed by the debtor as his.

The defendant offered to prove, that the debtor at the time of his disclosure stated, that the $6 was not his money, but the property of one Dunning, and that it was through the neglect of the justices it was not written down; and that most of the disclosure was written by the creditor's attorney; and that no request was made to the justices to reduce the disclosure to writing until it was nearly completed. Proofs of other important facts stated at the time but not written in the disclosure, were offered, but the Court refused to receive the evidence.

Defendant offered proof of the worthlessness of the notes, and that they were offered to plaintiff and declined; also, that they were left in the possession of the justices, and there remained till brought into Court.

The debtor stated in his disclosure that he had no interest in any real estate. He was asked about a bond given to convey certain real estate; and the date and contents of the bond were set forth in the disclosure. The justices decided the bond to be null and void. And no request was made for any lien upon real estate, nor was any attached.

Defendants requested the following instructions; — *that* the adjudication by the justices as to the property was conclusive; — *that* the debtor having paid over the $6 into the hands of the justices, even if it was his own money, was sufficient, and neither he, nor his sureties could be liable for the misappropriation or error of the justices; — *that* the reason assigned by the justices, that the notes were " outlawed and worthless," was such a consideration of them as amounted to an appraisal, and was an appraisal that they were of no value; — *that* the creditor having renewed his execution and taken the personal property, on which the justices gave him a lien, did thereby waive his remedy upon the bond given on the former execution; — and *that* he had waived his right to the $6, by not making any demand for the same, either upon the debtor or the justices. Each and all which instructions the Judge declined to give; but did instruct them, *that* there was a breach of the bond and that they must find for the plaintiff for the amount of the money belonging to Rines, and for the value of the notes, if they found them of any value; — *that* they should consider the whole subject and the evidence, and return such verdict as in the whole matter the proof should satisfy them the plaintiff had sustained; *that* they must judge whether the $6 referred to in the disclosure, was the property of Rines, and if so, the plaintiff was entitled to damages to the amount of $3 or $6, as they might determine his interest in the money, or nothing, and for such further sum as they might find the value of the notes and the contract for hauling logs to be, if they found them of any value, and such other damages as the plaintiff was shown to have sustained.

A verdict was returned for plaintiff for $49,92, and the defendant excepted.

*Wilson,* in support of the exceptions.

*W. C. Crosby, contra.*

TENNEY, J. — This case is presented on exceptions to the rulings, and to the instructions of the Judge to the jury, and to the refusal to give instructions as requested by the defendants.

The disclosure of the debtor was properly admitted in evidence. The statute, c. 148, § 26, provides, that the creditor may, upon examination before the justices, propose to the debtor any interrogatories, pertinent to the inquiry, and they shall, if required by the creditor, be proposed and answered in writing, and the answers shall be signed and sworn to by the debtor, and the creditor may have a copy of the interrogatories and answers certified by the justices, on payment therefor. If there is any omission of acts of the debtor, or of the justices, in the examination and proceedings, essential to the rights of the creditor, so that he fails to be benefited by the property disclosed, upon which he has a lien, by the statute, a breach of the bond will take place. *Harding* v. *Butler,* 21 Maine, 191. And in order to ascertain, whether there have been such omissions, the disclosure becomes important, and was manifestly designed to be used in a suit upon the bond, if it should be deemed expedient by those interested.

By the disclosure, the debtor had in his hands the sum of six dollars in money, certain notes of hand, and personal chattels. The record shows, that the debtor paid this money to the justices; and it is perfectly evident that it was treated by him and by them as his property, when disclosed. The proof offered, that he stated this money to be that of another, and that the justices omitted to have that statement appear in the disclosure, was wholly inadmissible. Such proof would not become a part of the disclosure signed and verified by the oath of the debtor at the time required, and

would be contradictory to the import of that which was signed and authenticated, according to the provisions of the statute, and upon which the judgment of the tribunal, in allowing him to take the oath, was predicated. And it would be repugnant to well settled principles, to allow the statement of the debtor, thus solemnly made, and acted upon, to be contradicted, controlled or explained, by the evidence offered, to avoid the consequences of what was previously done or omitted.

The creditor's attorney is not prohibited by the statute from writing the debtor's answers to the creditor's interrogatories. And there is no limit during the examination, beyond which the creditor cannot proceed to reduce to writing the interrogatories and answers, where no objection is interposed, but the request is granted.

The disclosure shows, whether the debtor had property of any kind, to which the creditor could resort for the satisfaction of his execution, in any of the modes provided by the statute. And if the justices adjudged such property not subject to the creditor's lien; or omitted to do that which was required in order to make it available to the creditor, when by the disclosure it was clearly liable to be taken on execution, such adjudication is not conclusive, but is subject to revision in a suit upon the bond. *Butman* v. *Holbrook*, 27 Maine, 419.

Neither the disclosure, nor the justices' record show, that the six dollars in money, disclosed, was deposited with the magistrates, to be disposed of like other personal property, which it appeared by the debtor's statements that he had; but it was withdrawn from the articles disclosed, and *paid* to them, as is shown by the terms used, and on the authority just cited, was a breach of the bond, and the certificate is avoided.

The record declares, that the magistrates did not appraise any bank bills, notes, accounts, bonds or other contracts belonging to the debtor, and disclosed by him. Notes were shown to be owned by the debtor, and the omission to have

them appraised was a breach of the bond. *Harding* v. *Butler*, before cited. If upon their face, they appeared barred by the statute of limitations, a new promise might have been shown, if the creditor could have been heard on the appraisal as he was entitled to be. *Wingate* v. *Leeman*, 27 Maine, 194. The case does not find, that the justices adjudged them to be worthless, as is assumed by the defendants in their request for instructions, and nothing was done which was inconsistent with the record, that they were not appraised; but on the other hand, a record was made, that the creditor should have a lien thereon for thirty days, though there was no such assignment as the statute requires, c. 148, § 30, and when they were demanded by the officer, who had the alias execution, were not delivered.

The bond having been broken, it is difficult to perceive in what manner the taking of property disclosed, kept, and afterwards delivered to the officer and sold for a sum less than the amount of the execution, can cure the omissions and the irregularity of the proceedings, which constituted the breach of the bond. This was in nowise prejudicial to the rights of the debtor.

A demand of the money disclosed would have been useless, when by the debtor's disclosure and the magistrates' record, it was paid away before the oath was taken, and it was not treated by him or by them as property on which a lien was expected.

The instructions in relation to the damages were quite as favorable as the defendants were entitled to.

*Exceptions overruled.*

SHEPLEY, C. J., and HOWARD and HATHAWAY, J. J., concurred.